UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __9/1/2023__
```

-------------------------------------------------------------------X

                                                :

KEVIN DE HENRIQUES, individually and on behalf of  :
all others similarly situated,

                                                :

                              Plaintiff,          :                23-cv-2990 (LJL)

                                                  :

                    -v-                          :          MEMORANDUM AND

                                                  :              ORDER

WILLIAM JAMES BUSHELL CORP. D/B/A RADIANT :
SOLAR,

                                                :

                              Defendant.        X

-------------------------------------------------------------------

LEWIS J. LIMAN, United States District Judge:

       Plaintiff Kevin de Henriquez ("Plaintiff") moves, pursuant to Federal Rule of Civil

Procedure 26(d), for leave to conduct discovery in advance of the parties' having conducted a

Rule 26(f) conference.  The motion is granted in part and denied in part, but the Court delays the

effective date of this Order until October 4, 2023.

       Plaintiff filed this action on April 10, 2023 against his former employer William James

Bushell Corp. d/b/a Radiant Solar ("Defendant"), asserting claims under the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, Section

190 *et seq.* ("NYLL").  Dkt. No. 1.  He alleges that every week, during his term of employment

from approximately March 17, 2022 to January 5, 2023, he worked more than forty hours and

that Defendant paid him only straight time and not overtime pay for his hours in excess of forty.

*Id.* ¶¶ 14, 19, 21–22.  He brings this action both as a FLSA collective action pursuant to 29

U.S.C. § 216(b), and as a putative class action pursuant to Federal Rule of Civil Procedure 23.

*Id.* ¶¶ 38–60.  He seeks to represent a class comprised of "[a]ll of Defendant's current and former

employees who work or worked and are or were paid straight time instead of time-and-a-half for hours worked in excess of 40 hours in individual workweeks (overtime) during the six years prior to the commencement of this suit through the present; and all of Defendant's current and former workers who were deprived of notices required by the New York Wage Theft Prevention Act, including applicable notices at the time of the employees' hire; and wage statements owed on each payday." *Id.* ¶ 47.

The Clerk of Court issued a summons on April 12, 2023, Dkt. No. 7, and that summons was returned executed on June 22, 2023, Dkt. No. 10.  On August 24, 2023, the Clerk of Court entered a Certificate of Default.  Dkt. No. 23.  On August 28, 2023, the Court entered an order directing that Plaintiff file a motion for a default judgment by October 4, 2023, if Defendant has not yet appeared.  Dkt. No. 24.

Plaintiff filed the instant motion on August 31, 2023, seeking leave to serve a subpoena on Defendant for "any records related to the business entity behind corporation, as well as any former and current employees['] records, timesheets, payroll records and tax returns," as well as for the testimony of a corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6).  Dkt. No. 25 ¶ 13.  Plaintiff also seeks permission to serve subpoenas on Defendant's bank, payroll vendor, and any other entity that might have information pertinent to the class and their damages.  *Id.* ¶ 14.

Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d)(1).  To obtain discovery in advance of such a conference, "the moving party must satisfy a 'flexible standard of reasonableness and good

cause.'" *Kreit v. Byblos Bank S.A.L.*, 2023 WL 3005852, at *1 (S.D.N.Y. Mar. 28, 2023) (quoting *Ayash v. Bank Al-Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005) (Lynch, J.)).

Plaintiff has established reasonableness and good cause. The complaint appears to sufficiently state claims for violations of the overtime rules of FLSA and the NYLL.[1] Plaintiff further alleges that "Defendant paid all similarly situated employees in the same manner," Dkt. No. 1 ¶ 23, and seeks relief on behalf of the class under Rule 23, *id.* ¶¶ 46–60. In order to obtain relief on behalf of the putative class, however, Plaintiff will have to move for class certification and will have to show that each of the elements of Rule 23(b)(3) is satisfied, including that there are sufficiently numerous class members who are similarly situated. *See Williams v. KuCoin*, 2021 WL 5316013, at *5 (S.D.N.Y. Oct. 21, 2021), *report and recommendation adopted*, 2022 WL 392404 (S.D.N.Y. Feb. 9, 2022) ("[A] defaulting defendant does not admit conclusions as to class certification; rather, the Court must independently assess whether the requirements of Rule 23 have been met."); *In re China N.E. Petroleum Holdings Ltd. Sec. Litig.*, 2016 WL 11704946, at *3 (S.D.N.Y. June 1, 2016), *aff'd in part, vacated in part, remanded sub nom. Acticon AG v. China N.E. Petroleum Holdings Ltd.*, 687 F. App'x 10 (2d Cir. 2017) (same); *Melgadejo v. S & D Fruits & Vegetables Inc.*, 2013 WL 6334581, at *2 (S.D.N.Y. Dec. 5, 2013) ("[N]umerous circuit and district courts have held [that] when class certification is sought, a court must still independently determine that Rule 23's requirements are met before a putative class can be certified."); *see also Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003). "'[T]he Court cannot permit certification by default.'" *Winegard v. Crain Commc'ns, Inc.*, 2021 WL 1198960, at *2

---

[1] The Court notes, however, that while the complaint states that Plaintiff seeks redress for violations of FLSA and the NYLL, alleges facts that appear to establish a violation of the NYLL, and seeks damages for the New York State claims, Dkt. No. 1 ¶ 2, and ECF p. 13, the two claims for relief in the complaint allege violations only of FLSA, *id.* ¶¶ 61–77.

(S.D.N.Y. Mar. 30, 2021) (Nathan, J.) (quoting *Telford v. Ideal Mortg. Bankers, LTD.*, 2010 WL 3924790, at *4 (E.D.N.Y. Aug. 17, 2010), *report and recommendation adopted*, 2010 WL 3909313 (E.D.N.Y. Sept. 27, 2010)).  Moreover, the courts in this Circuit have held that class certification must be granted *before* default judgment is entered and not after.  *See, e.g.*, *In re China N.E. Petroleum Holdings Ltd. Sec. Litig.*, 2016 WL 11704946, at *3 (citing cases). Accordingly, there exists good cause for limited discovery to identify class members, to satisfy the elements of Rule 23, and to determine damages.  *See Bruce E. Katz, M.D., P.C. v. Prof'l Billing Collections, LLC*, 2021 WL 2418387, at *6 (S.D.N.Y. June 14, 2021); *Williams v. Goldman & Steinberg, Inc.*, 2006 WL 2053715, at *10 (E.D.N.Y. July 21, 2006).

That Plaintiff should be permitted to take discovery, however, does not mean that he is entitled to use all of the tools of civil discovery.  Federal Rule of Civil Procedure 26(b)(2)(C) gives the Court the authority on its own to limit discovery if it would be "unreasonably cumulative or duplicative" or if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C).  Plaintiff has not shown at this stage why the information he seeks cannot be sufficiently obtained through paper discovery alone.  Accordingly, the motion is denied to the extent that it seeks leave to obtain a deposition under Rule 30(b)(6).  In addition, the Court will stay the effect of this Order until October 4, 2023, when the Court has scheduled a conference in this matter.  It does so to afford Defendant time to appear and to seek vacatur of the entry of default.  Plaintiff is relieved of his obligation to file a motion for a default judgment by October 4, 2023, for good cause.  The Court will set limits on the time period for discovery and a time for the filing of a motion for a default judgment at the hearing on October 4, 2023.

SO ORDERED.

Dated: September 1, 2023
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge